UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LUKE BRADLEY FRANCIS                                                                                       PLAINTIFF

v.                                                  No. 2:20-CV-02220

DONALD EVERSOLE                                                                                           DEFENDANT

## OPINION AND ORDER

Before the Court are Defendant's motion (Doc. 13) to stay proceedings and Plaintiff's motion (Doc. 15) to strike.  Defendant filed a brief (Doc. 14) in support of his motion and a response (Doc. 16) and brief (Doc. 17) in opposition to Plaintiff's motion.  Plaintiff did not file a response to Defendant's motion.  Plaintiff's motion to strike will be denied and Defendant's motion to stay will be granted.

Plaintiff moves to strike the entry of appearance by Defendant's attorney[1] and Defendant's subsequent filings.  Plaintiff notes that Defendant's attorney has entered an appearance not only on behalf of Defendant in his individual capacity—the only capacity in which Plaintiff has sued Defendant (Doc. 1, p. 13) ("H. Defendant herein is sued in Defendants' individual capacity and not as agents [sic] of the State of Arkansas or The United States.")—but also on behalf of the Van Buren Police Department, which is not party to this action.  To the extent Defendant's counsel has pled defenses or moved for relief on behalf of the Van Buren Police Department, the Court will disregard those pleadings and motions, as may Plaintiff, but the Court will not parse the pleadings and motions and strike them piecemeal from the record.  Should this case progress, and should

---

[1] Plaintiff refers to Defendant's attorney as an "intervenor."  Because she is appearing in a representative capacity on behalf of Defendant and as an attorney admitted to practice before this Court, rather than as a party seeking relief on her own behalf, Defendant's attorney is not an intervenor.

1

Defendant seek leave to amend his answer to omit immaterial official capacity pleadings, Defendant should cite this order in support of any showing of good cause. Because Defendant's attorney is admitted to practice before this Court, her appearance, pleadings, and filings on Defendant's behalf will not be stricken from the record.

Defendant has filed a motion to stay, citing the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971), and arguing that these proceedings will interfere with the ongoing criminal case against Plaintiff in *State v. Luke Bradley Francis*, Case No. VAC-20-1527, currently proceeding in the Circuit Court of Crawford County, Arkansas. Defendant argues Plaintiff will have adequate opportunity to have his constitutional claims addressed in that criminal trial. The Court agrees a stay is appropriate. *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."). This case will be stayed, and Defendant is ordered to immediately notify the Court when the state court case is dismissed, Plaintiff is acquitted, or Plaintiff's conviction becomes final.

IT IS THEREFORE ORDERED that Plaintiff's motion to strike (Doc. 15) is DENIED.

IT IS FURTHER ORDERED that Defendant's motion to stay (Doc. 13) is GRANTED and this case is STAYED.

IT IS SO ORDERED this 20th day of April, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE