UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LUKE BRADLEY FRANCIS                                                                    PLAINTIFF

v.                                          No. 2:20-CV-2220

DONALD EVERSOLE                                                                         DEFENDANT

and

LUKE BRADLEY FRANCIS                                                                    PLAINTIFF

v.                                          No. 2:22-CV-2070

ANDREW McINTOSH, BRANDON
BLOUNT, and CITY OF VAN BUREN                                                          DEFENDANTS

**OPINION AND ORDER**

Before the Court are the motion to compel (Doc. 52) and brief in support (Doc. 53) filed by Defendants Andrew McIntosh, Brandon Blount, and City of Van Buren. Plaintiff Luke Bradley Francis has not filed any response to the Defendants' motion. Defendants propounded interrogatories and requests for production to Mr. Francis on December 16, 2022. They contend that his responses to some of those discovery requests are deficient, and after some negotiations on these topics, the parties appear to have reached an impasse. Defendants ask this Court to compel Mr. Francis to respond to the disputed discovery requests.

The Court will GRANT IN PART AND DENY IN PART the Defendants' motion as explained below. The Court will separately address each disputed discovery request, setting out the text of the request, Mr. Francis's response or objection, and the Court's ruling thereon.

**Interrogatory No. 1(c)**: [Please state] the names, birth dates and present addresses of any children you have or are alleged to have over the age of eighteen (18)[.]

**Response**: Objection, Relevance

1

**Ruling**: Mr. Francis's objection is sustained. Defendants have not explained, and the Court does not understand, what relevance this requested information has to the claims and defenses in this case, nor how it can reasonably be expected to lead to the discovery of admissible evidence.

> **Interrogatory No. 1(d)**: [Please state] each and every address at which you have resided at the past ten (10) years, including dates of residence at each address and the names of all persons residing at each address[.]
>
> **Response**: Objection, too much. Current address [provided in Mr. Francis's response].

**Ruling**: Mr. Francis's objection is sustained in part and overruled in part. The events giving rise to this lawsuit are alleged to have occurred in or around Van Buren, Arkansas on November 29, 2020. Defendants have not explained, and the Court does not understand, how the names of all persons residing with Mr. Francis or ten years' worth of residential information is relevant to the claims and defenses in this case, nor how it can reasonably be expected to lead to the discovery of admissible evidence. However, the Court appreciates that the address of Mr. Francis's residence around the time of the events concerned herein may have some relevance to this case. The burden that finding and providing this information will impose on Mr. Francis is minimal to nonexistent and thus outweighed by the information's slight relevance. Therefore, Mr. Francis is ordered to provide Defendants with the dates he has lived at his current address, and to state each and every address at which he has resided since January 1, 2020, including dates of residence at each such address.

> **Interrogatory No. 1(e)**: [Please state] the highest grade of formal schooling you have completed, the institution at which it was completed, and any certificates or degrees received, including any vocational or specialized education or training in a trade, business, or the military.
>
> **Response**: Some college.

**Ruling**: Mr. Francis's response is deficient and does not clearly state what objection, if any, he has to providing the requested information. The Court does not see how complying with this request would impose any significant burden on Mr. Francis. He is therefore ordered to provide Defendants with all of the information requested in this interrogatory.

> **Interrogatory No. 2**: Please give the names, addresses, and telephone numbers of all employers for whom you have worked in the last ten (10) years, including: (a) the beginning and ending dates of each employment; (b) a description of your job; (c) the rate of pay; and (d) the reason for separation from the employment.
>
> **Response**: Objection, Plaintiff is an actor which is different than a typical job making this unanswerable.

**Ruling**: Mr. Francis's objection is overruled. Although the Court appreciates Mr. Francis's point that acting differs from ordinary employment in significant ways, the Court does not agree that this makes the request unanswerable. Mr. Francis does not contend that the requested information as it pertains to his acting gigs is so voluminous as to make this request unduly burdensome, nor does he specify whether he has held any non-acting employment during the requested period. He is therefore ordered to provide Defendants with all of the information requested in this interrogatory.

> **Interrogatory No. 4**: Have the events outlined in your complaint caused you to miss any work and/or lose any wages? If so, please list the following: . . . (d) the total amount of wages lost; and (e) how you arrived at said amount of lost wages.
>
> **Response**: Again, Plaintiff is an actor and this question is not answerable as written. Plaintiff was fired from two acting gigs and unhirable. Losing two big gigs cost Plaintiff more gigs exponentially. This boiler plate request does not suffice, lacks specificity and is unanswerable as presented. Plaintiff is attempting to cooperate, but the Defense is not asking appropriate questions that Plaintiff can properly answer. Acting is not like a 9-5 white-collar job, there is no "time clock." Plaintiff lost contracts for jobs and exponential work based on the loss of those contracts. Plaintiff's witness his agent provided herein, will describe how being in one big movie or one popular TV program can lead to more "gigs." Plaintiff objects to the form of this question as it does not pertain to Plaintiff's career.

**Ruling**: Mr. Francis's objection is overruled.  The requested information is directly relevant to what damages, if any, Mr. Francis is alleged to have suffered as a result of Defendants' conduct.  Defendants are entitled to discover this information.  The Court recognizes that Plaintiff's theory of the case, as he describes it here, contemplates lost opportunities for acting gigs, and that this might not readily lend itself to simple arithmetical calculations of hours lost times hourly wages.  But Mr. Francis presumably has a theory of damages that he intends to prove at trial, which presumably includes the earnings he claims to have lost as a result of Defendants' alleged actions; the Defendants are entitled to discover that theory and its proof.  Mr. Francis is ordered to provide Defendants with all of the information requested in Interrogatory No. 4(d) and (e).

> **Interrogatory No. 5**: Please list any lawsuit(s) and/or administrative proceeding(s) in which you have ever been involved as a party, including, but not limited to, personal injury, bankruptcy, divorce, collection, proceeding for workers' compensation benefits, or a proceeding for social security or disability benefits, giving [a list of various categories of identifying information follows].
>
> **Response**: Objection, Relevance

**Ruling**: Mr. Francis's objection is sustained.  Defendants have not explained, and the Court does not understand, what relevance this requested information has to the claims and defenses in this case, nor how it can reasonably be expected to lead to the discovery of admissible evidence.

> **Interrogatory No. 6**: Have you ever been cited, arrested, charged, or convicted for violating any criminal law or statute consisting of a misdemeanor or a felony in any State? If your answer is yes, please state: [a list of various categories of identifying information follows].
>
> **Response**: Objection, relevance.  Plaintiff will prove a pattern of stalking and abusive actions by the police.

**Ruling**: Mr. Francis's objection is overruled. This interrogatory requests information that is potentially admissible under Federal Rule of Civil Procedure 609(a). Mr. Francis is therefore ordered to provide Defendants with all of the information requested in this interrogatory.

**Request for Production No. 1**: Please sign the release of employment information attached hereto as "Exhibit A" and furnish it to the attorney for the defendants.

**Response**: Refused.

**Ruling**: Although Mr. Francis does not clearly state what objection, if any, he has to executing the requested release, the Court will not order him to sign it as presently drafted. The release that Defendants have asked Mr. Francis to sign is extremely broad, and could potentially sweep up sensitive or even embarrassing personal information having nothing to do with the claims and defenses in this case. *See* Doc. 52-1, p. 8 (authorizing "all . . . past and current employers . . . to release any and all information of any nature regarding that employment with them"). The scope of this release is even more concerning given that no protective order has been entered in this case to protect confidential or sensitive information.

**Request for Production No. 4**: Please produce a copy of any and all federal and state tax returns which you have filed in the past five (5) years. If you are not in possession of your federal tax returns, you can request transcripts at https://www.irs.gov/individuals/get-transcript. If the "Request Online" option is selected, the transcripts can be downloaded. If the "Request by Mail" option is selected, then a request must be submitted for each tax year.

**Response**: Objection, relevance. Plaintiff does not have this information. Plaintiff has made the request and might proffer upon receipt.

**Ruling**: Mr. Francis's objection is overruled. The requested information is relevant to the issue of damages concerning Mr. Francis's alleged lost income. As for whether Mr. Francis has this information in his possession, the request for production clearly explains how he can easily obtain it. Mr. Francis is therefore ordered to provide Defendants with all of the information requested in this interrogatory.

**Request for Production No. 5**: Please produce any and all notes, memorandums, calendars or other documents by whatever named called, generated or kept by the Plaintiff(s) with respect to the allegations contained in the complaint or the facts made basis of the complaint, whether created at the time of the event or at a later date. If you contend any of these documents are privileged in any manner, please sufficiently identify the nature and location of said documents so that the court may rule on your objections.

**Response**: Objection, vague. Plaintiff can think of no notes, Plaintiff does not keep a diary… this is a dumb request. These materials don't exist. [ellipses in original]

**Ruling**: Mr. Francis's objection is overruled. This request is neither vague nor "dumb"; it is routinely issued in a wide variety of civil lawsuits, as such notes, memorandums, etc. are extremely likely to lead to the discovery of admissible evidence. However, the Court finds that Mr. Francis's response is not deficient. He has already plainly stated that "[t]hese materials don't exist." Mr. Francis will not be ordered to produce materials that do not exist.

**Request for Production No. 7**: For each account or site identified in the preceding Interrogatory [requesting a list of Mr. Francis's social media and/or networking sites], please provide any content, postings, photographs, information, data, messages, updates, videos, comments or communications from November 29, 2020, to the present, including any of the aforementioned material that has since been deleted, hidden or taken down, that reveals or refers to [a list of various categories of information relating to this lawsuit follows].

**Response**: It's open to the public. Go get whatever you want. Your request is vague and the video has been provided previously.

**Ruling**: Although Mr. Francis's response does not clearly state what objection, if any, he has to providing the requested information, it appears to the Court that the objection is basically one of relative burden. Mr. Francis's objection is sustained in part and overruled in part. To the extent that the requested materials are accessible to the general public on the internet, the Court will simply order Mr. Francis to clearly and specifically identify to Defendants the websites where those materials may be found. To whatever extent the requested materials are not accessible to the general public on the internet, the Court will order Mr. Francis to provide the Defendants a list

containing: (1) a brief description of each such item of requested material; (2) a brief statement as to whether the material still exists; and (3) for items that do not still exist, a brief description of when it was deleted, taken down, or otherwise destroyed. To whatever extent this list reveals the existence of discoverable materials that still exist but that are not publicly accessible, then the parties will be ordered to confer and attempt to agree on a method of production of these materials to Defendants.

IT IS THEREFORE ORDERED that Defendants motion to compel (Doc. 52) is GRANTED IN PART AND DENIED IN PART. Plaintiff is ORDERED to provide Defendants with discovery responses consistent with the rulings in this Opinion and Order as described above **no later than May 5, 2023**.

IT IS SO ORDERED this 21st day of April, 2023.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE